Van Voorhis, J.
(dissenting in part). The erroneous ruling admitting into evidence the conclusory, hearsay declaration by the mother of defendant Jeffrey Rich (who injured the infant plaintiff by hitting her with a horseshoe while he was playing the game of throwing horseshoes with another contestant on the premises of the beach club) that he “ threw a horseshoe which he only meant to frighten a little girl with ” and that, in doing so, the little girl “ was hit on the head”, could not have helped being prejudicial to Jeffrey Rich’s defense. The mother was not an eyewitness, and the jury could only have concluded that Jeffrey had told his mother that he deliberately threw the horseshoe at or aiming very close to the infant plaintiff, instead of throwing it at the stake in the ground after the usual manner of playing this game. The jury responded by awarding verdicts in favor of the girl and her father against Rich, aggregating $85,000 (the father’s recovery was reduced by the Appellate Division by $5,000). The complaint did not charge assault but negligence. The admission of this damaging *802 hearsay declaration virtually allowed the plaintiff to recover on the theory of an intentional assault and battery, which is a different theory from that on which the action was brought. It is true that the injured girl was only five feet from the stake at which he was allegedly aiming, and that after she had refused to move he continued to pitch horseshoes in that direction. But it would certainly be likely to have affected the judgment of the jury to be told, in effect, that he was not aiming at the stake but was aiming at her. I would reverse and grant a new trial to the infant defendant Jeffrey Rich.
Chief Judge Fuld and Judges Burke, Scileppi, Bergan and Breitel concur in memorandum. Judges Van Voorhis and Keating dissent in part and vote to reverse and to grant a new trial to appellant Jeffrey Rich in a memorandum by Judge Van Voorhis in which Judge Keating concurs.
Order and judgment affirmed.